UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------x       **NO SUMMONS ISSUED**
CARRIE WILLIAMS,
                                    :             Case No.:
                    Plaintiff,                   CV 15 - 0228
                                    :
          - against -                            **NOTICE OF REMOVAL**
                                    :
TUTOR PERINI CORPORATION, PERINI
CORPORATION AND "JOHN DOE", a        :
fictitious name, intended to be the
operator of the defendant's vehicle, :
                    Defendants.
------------------------------------------x

TO:   THE HONORABLE JUDGES OF THE UNITED STATES
      DISTRICT COURT FOR THE EASTERN DISTRICT
      OF NEW YORK


      **PLEASE TAKE NOTICE**, that defendants Tutor Perini Corporation and

Perini Corporation (they are the same entity: Tutor Perini

Corporation formerly was known as Perini Corporation), by their

undersigned attorneys, The Law Offices of Kenneth Arthur Rigby, PLLC,

respectfully submit as follows:

      1.    The above-captioned civil action was filed in the Supreme

Court of the State of New York, County of Kings, on or about October

24, 2014, by Summons and Verified Complaint dated October 13, 2014,

and currently is pending in that Court under Index Number 15131/2014.

A copy of the Summons and Verified Complaint is annexed hereto as

Exhibit "A".

      2.    The Summons and Verified Complaint was served on defendant

Tutor Perini Corporation by delivery to the Secretary of State in

Albany, New York, on November 3, 2014. *See* Exhibit "B" annexed hereto.

3.    The Verified Complaint in this action alleges that on or about July 10, 2014, at approximately 5:30 p.m., while the plaintiff was a lawful pedestrian at or near the intersection of Avenue H and Flatbush Avenue, County of Kings, State of New York, the motor vehicle that was being operated by defendant "JOHN DOE" came into contact with the plaintiff, causing the plaintiff to suffer severe and serious personal injuries. *See* Exhibit "A" annexed hereto, at Paragraphs 37-39.

4.    The Verified Complaint contains a general prayer for relief, but does not state a specific amount of damages to which the plaintiff deems herself entitled. *See* Exhibit "A" annexed hereto, at Paragraphs 43 and 47 and at the concluding "WHEREFORE" clause.

5.    Limited proceedings have taken place in the Supreme Court of the State of New York, County of Kings, since the filing of the Summons and Verified Complaint. These limited proceedings are the following:

> a.    On November 25, 2014, this law office served (i) a Verified Answer (dated November 22, 2014), and (ii) a Notice Of Deposition (dated November 22, 2014) on behalf of defendants Tutor Perini Corporation and Perini Corporation (*see* Exhibit "C" annexed hereto);

> b.    On November 25, 2014, this law office also served a Request For Supplemental Demand Pursuant To CPLR

3017(c) (dated November 22, 2014) on behalf of defendants Tutor Perini Corporation and Perini Corporation requesting that the plaintiff set forth the total damages to which she deems herself entitled (*see* Exhibit "D" annexed hereto);

c.    On or about December 26, 2014, the plaintiff's counsel served by regular mail the plaintiff's Response To Request For Supplemental Demand Pursuant To CPLR 3017(c) Dated November 22, 2014 (dated December 16, 2014) (*see* Exhibit "E" annexed hereto); and

d.    On or about December 26, 2014, the plaintiff's counsel also served (i) a Request For Judicial Intervention and a Request For A Preliminary Conference (each dated December 16, 2014), (ii) a Notice To Admit (dated December 16, 2014), (iii) a Plaintiff's Demand For A Verified Bill Of Particulars (dated December 16, 2014), (iv) a Plaintiff's Combined Demands For Discovery (dated December 16, 2014), (v) a Cross-Notice Of Deposition (dated December 16, 2014), (vi) a Notice Of Availability For Physical Examination (dated December 16, 2014), (vii) a Plaintiff's Demand For Expert Witnesses (dated December 16, 2014), (viii) a Plaintiff's Demand For Addresses (dated December 16, 2014), and (ix) a Notice Declining Service Via Electronic Mail Or Fax (dated December 16, 2014), (*see* Exhibit "F" annexed hereto).

6.    The plaintiff's Response To Request For Supplemental Demand Pursuant To CPLR 3017(c) Dated November 22, 2014 (dated December 16, 2014), which this law office received on December 31, 2014, particularizes for the first time the amount of damages to which the plaintiff deems herself entitled and, specifically, demands the sum of $1,000,000.00 in damages.  See Exhibit "E" annexed hereto.

7.    The plaintiff alleges in her Verified Complaint that she is a resident of the State of New York (see Exhibit "A" annexed hereto, at Paragraph 1); and the Summons recites that the plaintiff resides at 839 E. 34th Street, Brooklyn, New York (see Exhibit "A" annexed hereto).

8.    Defendants Tutor Perini Corporation and Perini Corporation (they are the same entity:  Tutor Perini Corporation formerly was known as Perini Corporation) are incorporated under the laws of the State of Massachusetts with their principal place of business located at 15901 Olden Street, Sylmar, California 91342.  See Exhibit "G" annexed hereto.

9.    This Court has original jurisdiction of this action, pursuant to 28 U.S.C. §1332(a), on the grounds of diversity of citizenship.

10.    Removal of this action to this Court is proper, pursuant to 28 U.S.C. §1441(a), because the Eastern District of New York is the judicial district embracing the place where the State court action is pending.

Dated:   New York, New York
         January 15 , 2015

                              Respectfully submitted,

                              THE LAW OFFICES OF
                              KENNETH ARTHUR RIGBY, PLLC
                              Attorneys for Defendants
                              TUTOR PERINI CORPORATION
                              and PERINI CORPORATION

                         By: _____
                              Kenneth Arthur Rigby (KR 0266)
                              15 Maiden Lane, Suite 1500
                              New York, New York 10038
                              (212) 629-7575
                              karigby@karigbylaw.com

Reorder No. 5105
JULIUS BLUMBERG, INC.
NYC   10013
©10% P.C.W.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Filed: 10/24/14

CARRIE WILLIAMS,

Plaintiff,

-against-

TUTOR PERINI CORPORATION, PERINI CORPORATION
AND "JOHN DOE", a fictitious name, intended to be the operator
of the defendant's vehicle,

Defendants.

INDEX NO. 15131/14

Plaintiff designates Kings
County as the place of trial.

**S U M M O N S**

The basis of venue is
Plaintiff's residence:
839 E 34th Street
Brooklyn, New York

### To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons,

exclusive of the day of service of this summons, or within 30 days after service of this summons is

complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken against

you for the relief demanded in the complaint, together with the costs of this action.

Dated: Astoria, New York
October 13, 2014

SACCO & FILLAS, LLP
Attorneys for Plaintiff
31/19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440

TUTOR PERINI CORPORATION
2 Skyline Drive
Hawthorne, New York 10532

SACCO & FILLAS, LLP

PERINI CORPORATION
2 Skyline Drive
Hawthorne, New York 10532

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

CARRIE WILLIAMS,

                Plaintiff,

     -against-

TUTOR PERINI CORPORATION, PERINI CORPORATION
AND "JOHN DOE",,

                Defendants.

---

INDEX NO.

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, SACCO & FILLAS, LLP, as and for her Complaint, respectfully alleges, upon information and belief:

## AS AND FOR A FIRST CAUSE OF ACTION

1. The plaintiff, CARRIE WILLIAMS, at all times herein mentioned was and still is a resident of the County of Kings and the State of New York.

2. The defendant TUTOR PERINI CORPORATION, at all times herein mentioned, was and still is a foreign corporation organized and existing under the laws of the State of New York, with its principal place of business situated in the County of Westchester and the State of New York.

3. The defendant TUTOR PERINI CORPORATION, at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

4. The defendant, TUTOR PERINI CORPORATION, at all times herein mentioned conducted and carried on business in the County of Westchester and the State of New York.

5. At all times herein mentioned, defendant TUTOR PERINI CORPORATION transacted business within the State of New York.

6. At all times herein mentioned, defendant TUTOR PERINI CORPORATION derived

SACCO & FILLAS, LLP

substantial revenue from goods used or consumed or services rendered in the State of New York.

7. At all times herein mentioned, defendant TUTOR PERINI CORPORATION expected or should reasonably have expected its acts to have consequences in the State of New York.

8. At all times herein mentioned, defendant TUTOR PERINI CORPORATION derived substantial revenue from interstate or international commerce.

9. The defendant PERINI CORPORATION, at all times herein mentioned, was and still is a foreign business organized and existing under the laws of the State of New York, with its principal place of business situated in the County of Westchester and the State of New York.

10. The defendant PERINI CORPORATION, at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

11. The defendant, PERINI CORPORATION, at all times herein mentioned conducted and carried on business in the County of Westchester and the State of New York.

12. At all times herein mentioned, defendant PERINI CORPORATION transacted business within the State of New York.

13. At all times herein mentioned, defendant PERINI CORPORATION derived substantial revenue from goods used or consumed or services rendered in the State of New York.

14. At all times herein mentioned, defendant PERINI CORPORATION expected or should reasonably have expected its acts to have consequences in the State of New York.

15. At all times herein mentioned, defendant PERINI CORPORATION derived substantial revenue from interstate or international commerce.

16. On or about July 10, 2014, TUTOR PERINI CORPORATION was the owner of a certain automobile, bearing license plate number CHB8129.

17. On or about July 10, 2014, TUTOR PERINI CORPORATION was the registered owner of a certain automobile, bearing license plate number CHB8129.

18. On or about July 10, 2014, TUTOR PERINI CORPORATION was the titled owner of a certain automobile, bearing license plate number CHB8129.

19. On or about July 10, 2014, TUTOR PERINI CORPORATION was the lessee of a

certain automobile, bearing license plate number CHB8129.

20. On or about July 10, 2014, TUTOR PERINI CORPORATION was the lessor of a certain automobile, bearing license plate number CHB8129.

21. On or about July 10, 2014, TUTOR PERINI CORPORATION maintained a certain automobile, bearing license plate number CHB8129.

22. On or about July 10, 2014, TUTOR PERINI CORPORATION controlled a certain automobile, bearing license plate number CHB8129.

23. On or about July 10, 2014, PERINI CORPORATION was the owner of a certain automobile, bearing license plate number CHB8129.

24. On or about July 10, 2014, PERINI CORPORATION was the registered owner of a certain automobile, bearing license plate number CHB8129.

25. On or about July 10, 2014, PERINI CORPORATION was the titled owner of a certain automobile, bearing license plate number CHB8129.

26. On or about July 10, 2014, PERINI CORPORATION was the lessee of a certain automobile, bearing license plate number CHB8129.

27. On or about July 10, 2014, PERINI CORPORATION was the lessor of a certain automobile, bearing license plate number CHB8129.

28. On or about July 10, 2014, PERINI CORPORATION maintained a certain automobile, bearing license plate number CHB8129.

29. On or about July 10, 2014, PERINI CORPORATION controlled a certain automobile, bearing license plate number CHB8129.

30. On or about July 10, 2014, TUTOR PERINI CORPORATION, its agents, servants and/or employees were negligent, carless, and reckless, in the ownership, operation, inspection, supervision, maintenance, control, and repair of the aforesaid motor vehicle.

31. On or about July 10, 2014, PERINI CORPORATION, its agents, servants and/or employees were negligent, carless, and reckless, in the ownership, operation, inspection, supervision, maintenance, control, and repair of the aforesaid motor vehicle

SACCO & FILLAS, LLP

32. On or about July 10, 2014, John Doe was an employee of TUTOR PERINI CORPORATION.

33. On or about July 10, 2014, John Doe was an employee of PERINI CORPORATION.

34. On or about July 10, 2014, John Doe, a fictitious name, was the operator of a certain automobile, bearing license plate number CHB8129.

35. On or about July 10, 2014, John Doe was operating a certain automobile, bearing license plate number CHB8129, under the course of his employment.

36. On or about July 10, 2014, the automobile was being operated by John Doe with the express knowledge, consent and/or on the business of its owner.

37. On or about July 10, 2014, plaintiff CARRIE WILLIAMS was a lawful pedestrian while at or near the intersection of Avenue H and Flatbush Avenue, County of Kings, State of New York.

38. On or about July 10, 2014, at approximately 5:30pm the vehicle operated by the defendant "JOHN "DOE" came in contact with the person of the plaintiff CARRIE WILLIAMS at or near the intersection of Avenue H and Flatbush Avenue, County of Kings, State of New York.

39. Solely as a result of the defendants' negligence, carelessness and recklessness the plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that the plaintiff was subjected to great physical pain and mental anguish.

40. The aforesaid occurrence was caused by the negligence of the defendants, without any culpable conduct on the part of the plaintiff.

41. As a result of the foregoing, the plaintiff sustained serious personal injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

42. This action falls within one or more of the exceptions set forth in Section 1602 of the

SACCO & FILLAS, LLP

Civil Practice Law and Rules.

43. Due to defendants' negligence, plaintiff is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

44. Plaintiff, Carrie Williams, repeats and realleges each and every allegation contained in the above paragraphs of the Complaint as if fully set forth at length herein.

45. On or about July 10, 2014, the Defendant, TUTOR PERINI CORPORATION, negligently entrusted their vehicle to the Defendant, John Doe, a fictitious name, who the defendant TUTOR PERINI CORPORATION, knew or should have known was incompetent and untrained to operate the vehicle belonging to the Defendant, TUTOR PERINI CORPORATION.

46. On or about July 10, 2014, the Defendant, PERINI CORPORATION, negligently entrusted their vehicle to the Defendant, John Doe, a fictitious name, who the defendant PERINI CORPORATION, knew or should have known was incompetent and untrained to operate the vehicle belonging to the Defendant, PERINI CORPORATION.

47. Due to defendants' negligence, plaintiff, Carrie Williams, is entitled to damages in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, the plaintiff demand:

a. Judgment awarding damages on the first cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

b. Judgment awarding damages on the second cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

c. Interest, the costs and disbursements of this action, together with such other and further relief as to this Court seems just and proper.

SACCO & FILLAS, LLP

Dated: Astoria, New York
      October 13, 2014

**By: Tonino Sacco**
**SACCO & FILLAS, LLP**
Attorneys for Plaintiff
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440
Our File No.: 13622-14

SACCO & FILLAS, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

INDEX NO.

CARRIE WILLIAMS,

     Plaintiff,

**ATTORNEY'S**
**VERIFICATION**

  -against-

TUTOR PERINI CORPORATION, PERINI CORPORATION
AND "JOHN DOE", a fictitious name, intended to be the operator
of the defendant's vehicle,

     Defendants.

---

  Tonino Sacco, an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

  I am of the firm of SACCO & FILLAS, LLP, the attorneys of record for the plaintiff.

  I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

  This verification is made by affirmant and not by plaintiff because she is not in the County of Queens, which is the County where your affirmant maintains offices.

  The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: Astoria, New York
   October 13, 2014

              TONINO SACCO

SACCO & FILLAS, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CARRIE WILLIAMS,

Plaintiff,

-against-

TUTOR PERINI CORPORATION, PERINI CORPORATION AND "JOHN DOE", a fictitious
name, intended to be the operator of the defendant's vehicle,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### SUMMONS and VERIFIED COMPLAINT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts
of New York State, certifies that, upon information and belief and reasonable inquiry, the
contentions contained in the annexed documents are not frivolous.

Dated: October 13, 2014                    Signature: _____
                                                           Tonino Sacco, Esq.

                                           SACCO & FILLAS, LLP
                                           Attorneys for Plaintiff
                                           31-19 Newtown Avenue
                                           Seventh Floor
                                           Astoria, New York  11102
                                           (718) 746-3440

State of New York - Department of State
Division of Corporations

Party Served:                                    Plaintiff/Petitioner:
 TUTOR PERINI CORPORATION                          WILLIAMS, CARRIE


 C/O C T CORPORATION SYSTEM
 111 EIGHTH AVENUE
 NEW YORK, NY 10011


 Dear Sir/Madam:
 Enclosed herewith is a legal document which was served upon the Secretary of
 State on 11/03/2014 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
 This copy is being transmitted pursuant to such statute to the address
 provided for such purpose.


                                              Very truly yours,
                                           Division of Corporations

 CT Corporation

**Service of Process Transmittal**
11/12/2014
CT Log Number 526054452

TO: Lisa Melonas, Executive Assistant
Tutor Perini Corporation
15901 Olden Street
Sylmar, CA 91342-1093

RE: **Process Served in New York**

FOR: Tutor Perini Corporation (Domestic State: MA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Carrie Williams, Pltf. vs. Tutor Perini Corporation, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Verified Complaint, Verification, Attachment |
| **COURT/AGENCY:** | Kings County: Supreme Court, NY<br>Case # 1513114 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - On or about July 10, 2014 at approximately 5:30 p.m. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/12/2014 postmarked on 11/07/2014 |
| **JURISDICTION SERVED:** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after completion of service |
| **ATTORNEY(S) / SENDER(S):** | Tonino Sacco<br>Sacco & Fillas, LLP<br>31-19 Newtown Avenue<br>Seventh Floor<br>Astoria, NY 11102<br>718-746-3440 |
| **REMARKS:** | Documents were served upon the New York Secretary of State on 11/03/2014 and forwarded to CT Corporation. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/12/2014, Expected Purge Date: 11/17/2014<br>Image SOP<br>Email Notification, Lisa Melonas ███████████<br>Email Notification, Michelle Luster ███████████ |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>111 Eighth Avenue<br>13th Floor<br>New York, NY 10011 |
| **TELEPHONE:** | 212-590-9070 |

Page 1 of 1 / MK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
CARRIE WILLIAMS

                       Plaintiff,          Index No. 15131/2014

                                              **VERIFIED ANSWER**

     -against-

TUTOR PERINI CORPORATION, PERINI CORPORATION
AND "JOHN DOE",

                              Defendants.
-----------------------------------------------------------------X

      Defendants,   TUTOR PERINI CORPORATION and PERINI CORPORATION,

(hereinafter also "Defendants" or "Defendant"), by their attorneys, Law Offices of Kenneth

Arthur Rigby, PLLC, as and for their Verified Answer ( hereinafter also "Verified Answer"

and/or "Answer") to the Verified Complaint (herein after also "Complaint"), dated October 13,

2014, state as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraphs 1, 4, 5, 6, 7, 8, 34, 35, 36, 37, 38 and 42 of the Complaint.

2.     Deny the allegations set forth in paragraphs 2, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20,

21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 39, 40, 41 and 43 of the Complaint.

3.     Admit the allegations set forth in paragraph 3 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

4.     These answering defendants repeat, reiterate, and re-allege each and every fact, admission and/or denial set forth in paragraphs 1-3 of this Answer, and to paragraphs 1-44 of the Complaint, with the same force and effect as if more fully set forth at length herein.

5.     Deny the allegations set forth in paragraphs 45, 46 and 47 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

6.     Plaintiff fails to state a cause of action upon which relief may be granted upon these answering defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7.     If plaintiff was caused to suffer any loss or damages as alleged in the Complaint, such were caused, in whole or in part, by reason of the carelessness and negligence on the part of the plaintiff, without any fault, negligence or want of care on the part of these answering defendants contributing thereto.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8.     Plaintiff has failed to mitigate his damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

9.     The liability of these answering defendants, if any, pursuant to the provisions of CPLR§ 1601, is limited to the percentage of culpability found against them individually, and these answering defendants shall not be responsible for any percentage of culpability attributed to other individuals and/or entities, whether named or unnamed, over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

10.     Any past or future cost or medical expenses incurred or to be incurred by plaintiff for medical care, custodial care or rehabilitative services, loss of earnings, or other economic loss, has or will with reasonable certainty be replaced or indemnified in whole or in part from

collateral sources as defined under Section 4545 of the New York Civil Practice Law and Rules, and if any damages are recovered against these answering defendants, the amount of such damages shall be diminished by the amount of funds which plaintiff has or shall receive from such collateral sources as insurance, social security, workers compensation, or employee benefit programs.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

11.     If plaintiff has or will suffer any damages as alleged, such were caused solely by the acts or omissions of third parties over whom these answering defendants exercised no control.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

12.     The alleged defect/condition upon which plaintiff was injured was open and obvious and defendants, therefore, owed plaintiff no duty and cannot be found negligent.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

13.     Plaintiff knowingly and voluntarily assumed the risk of injury.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

14.     Plaintiff did not sustain serious injury as defined in Section 5102(d) of the Insurance Law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

15.     Plaintiff failed to sustain economic loss greater than basic economic loss so as to satisfy the exceptions to Section 5104 of the Insurance Law.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's actions were the sole proximate cause of her injuries.

## AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

17.     This Court lacks subject matter jurisdiction over these defendants.

## AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE

18.    This Court lacks personal jurisdiction over these defendants in that service was not

properly made.

## AS AND FOR AN FOURTEENTH AFFIRMATIVE DEFENSE

19.    These defendants are not properly before the Court.

## AS AND FOR AN FIFTEENTH AFFIRMATIVE DEFENSE

20.    These defendants are not proper parties to this action.

**WHEREFORE,** defendants, TUTOR PERINI CORPORATION and PERINI

CORPORATION, demand judgment dismissing the Verified Complaint of plaintiff, CARRIE

WILLIAMS, dated October 13, 2014, and, respectfully, request that this Court grant such other

and further relief as it deems just and proper.

Dated: November 22, 2014

Respectfully submitted,

Law Offices of Kenneth Arthur Rigby, PLLC
Attorneys for Defendants,
TUTOR PERINI CORPORATION and
PERINI CORPORATION

By:_____
Kenneth Arthur Rigby, Esq.
15 Maiden Lane, Suite 1500
New York, New York 10038
(212) 629-7575

TO:
Sacco & Fillas, LLP
Attorneys for Plaintiff
31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102
(718) 746-3440

## ATTORNEY'S VERIFICATION

Kenneth Arthur Rigby, an attorney duly admitted to practice law in the State of New York, affirms the following statements to be true under the penalties of perjury:

That I am principal of the Law Offices of Kenneth Arthur Rigby, PLLC, the attorneys-of-record for defendants, TUTOR PERINI CORPORATION and PERINI CORPORATION, in this action; that I have read the foregoing verified answer and know the contents thereof; that the same are true to my own knowledge except for those matters stated therein upon information and belief and, as to those matters, I believe such to be true.

That the grounds of my belief as to all matters not stated upon my knowledge are records, documents and/or information supplied by or on behalf of defendants, TUTOR PERINI CORPORATION and PERINI CORPORATION, obtained through this law firm's investigation of the plaintiffs' claims, and the contents of the case file maintained in affirmant's office.

That this verification is made pursuant to Section 3020(d)(3) of the New York Civil Practice Law and Rules on the ground that TUTOR PERINI CORPORATION and PERINI CORPORATION are foreign corporations none of whose officers are within the county where the affirmant has his offices.

Dated:  New York, New York
        November 22, 2014

_____
Kenneth Arthur Rigby, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
CARRIE WILLIAMS

                             Plaintiff,            Index No. 15131/2014


                                                    **NOTICE OF DEPOSITION**

     -against-

TUTOR PERINI CORPORATION, PERINI CORPORATION
AND "JOHN DOE",

                                  Defendants.
-------------------------------------------------------------------X

**PLEASE TAKE NOTICE** that defendants by their undersigned attorneys, the Law Offices of

Kenneth Arthur Rigby, PLLC, pursuant to Article 31 of the New York Civil Practice Law and

Rules, hereby give notice that the testimony, upon oral examinations, of plaintiff as an adverse

party will be taken before a notary public who is not an attorney or an employee of an attorney

for any party or prospective party herein and is not a person who would be disqualified to act as

a juror because of interest or because of consanguinity or affinity to any party herein, at the Law

Offices of Kenneth Arthur Rigby, PLLC located at 15 Maiden Lane, Suite 1500, New York, NY

10038, at 10:00 a.m., on March 10, 2015 with respect to evidence material and necessary in the

prosecution and/or defense of this action on the issues of liability and damages.. The said oral

examination will continue day-to-day until completed.

      **PLEASE TAKE FURTHER NOTICE**, that pursuant to Section 3111 of the New York

Civil Practice Law and Rules plaintiffs are required to produce at such examination all books,

papers, records and all other materials and things in their possession, custody or control that are

relevant to this action.

Dated: November 22, 2014

Respectfully submitted,

Law Offices of Kenneth Arthur Rigby, PLLC
Attorneys for Defendants,
TUTOR PERINI CORPORATION and
PERINI CORPORATION

By:_____
        Kenneth Arthur Rigby, Esq.
        15 Maiden Lane, Suite 1500
        New York, New York 10038
        (212) 629-7575

TO:
Sacco & Fillas, LLP
Attorneys for Plaintiff
31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102
(718) 746-3440

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
CARRIE WILLIAMS

                  Plaintiff,         Index No. 15131/2014

**REQUEST FOR SUPPLEMENTAL DEMAND
PURSUANT TO CPLR 3017 (c)**

    -against-

TUTOR PERINI CORPORATION, PERINI CORPORATION
AND "JOHN DOE",

                         Defendants.
-----------------------------------------------------------------X

      Defendants, TUTOR PERINI CORPORATION and PERINI CORPORATION

(hereinafter also "defendants"), by their attorneys, Law Offices of Kenneth Arthur Rigby, PLLC,

hereby, demands pursuant to Civil Practice Law and Rules Section 3017 (c), that you produce in

writing the following information within 15 days of this Request:

1.    A supplemental demand setting forth the total damages to which plaintiff deems herself

entitled.

Dated: November 22, 2014

Respectfully submitted,
Law Offices of Kenneth Arthur Rigby, PLLC
Attorneys for Defendants,
TUTOR PERINI CORPORATION and
PERINI CORPORATION

By:_____
             Kenneth Arthur Rigby, Esq.
             15 Maiden Lane, Suite 1500
             New York, New York 10038
             (212) 629-7575

TO:
Sacco & Fillas, LLP
Attorneys for Plaintiff
31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102
(718) 746-3440

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

INDEX NO. 15131/14

CARRIE WILLIAMS,

Plaintiff,

-against-

TUTOR PERINI CORPORATION, PERINI CORPORATION and
"JOHN DOE",

Defendants.

**RESPONSE TO
REQUEST FOR
SUPPLEMENTAL
DEMAND PURSUANT
TO CPLR 3017 (c)
DATED NOVEMBER 22,
2014**

# C O U N S E L O R S :

Plaintiff, CARRIE WILLIAMS, by her attorneys, Sacco & Fillas, LLP, in response to the

various demands of the defendants, TUTOR PERINI CORPORATION and PERINI

CORPORATION:

1. The total damages to which the plaintiff deems himself entitled to is One Million
($1,000,000.00) Dollars.

Dated: Astoria, New York
December 16, 2014

By: Tonino Sacco
SACCO & FILLAS, LLP
Attorneys for Plaintiff
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440
Our File No.: 13622-14

LAW OFFICES OF KENNETH ARTHUR RIGBY, PLLC
Attorneys for Defendants
15 Maiden Lane
Suite 1500
New York, New York 10038
(212) 629-7575

SACCO & FILLAS, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------

INDEX NO. 15131/14

CARRIE WILLIAMS,

                Plaintiff,

**AFFIDAVIT OF MAIL
SERVICE**

     -against-

TUTOR PERINI CORPORATION, PERINI CORPORATION
AND "JOHN DOE",,

                Defendants.

------------------------------------------------------------

STATE OF NEW YORK
COUNTY OF QUEENS

    Danielle M. Kuchinskas, being duly sworn, says:

    I am not a party to the action; I reside at Queens, New York, and I am over 18 years of age.

    On December 26, 2014, I served the within **RESPONSE TO REQUEST FOR SUPPLEMENTAL DEMAND PURSUANT TO CPLR 3017 (c) DATED NOVEMBER 22, 2014** by depositing a true copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following at the last known address set forth below:

LAW OFFICES OF KENNETH ARTHUR RIGBY, PLLC
15 Maiden Lane, Suite 1500
New York, New York 10038

                            *Danielle Kuchinskas*
                            DANIELLE M. KUCHINSKAS

Sworn to before me
on December 26 2014

NOTARY PUBLIC

TONINO SACCO
Notary Public, State of New York
No. 02SA4979498
Qualified in Queens County
Commission Expires 04/01/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No. 15131/14

---

CARRIE WILLIAMS,

Plaintiff,

-against-

TUTOR PERINI CORPORATION, PERINI CORPORATION AND "JOHN DOE",

Defendants.

---

**RESPONSE TO REQUEST FOR SUPPLEMENTAL DEMAND PURSUANT TO CPLR 3017 (c) DATED NOVEMBER 22, 2014**

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: December 16, 2014                    Signature:

Tonino Sacco, Esq.

**SACCO & FILLAS, LLP**
Attorneys for Plaintiff
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840 (7/2012)

| | For Court Clerk Use Only: |
|---|---|
| | IAS Entry Date |

**Supreme**   COURT,   COUNTY OF **KINGS**

| | Judge Assigned |
|---|---|

**Index No.:** 15131/14    **Date Index Issued:** October 24, 2014

| | RJI Date |
|---|---|

**CAPTION:** Enter the complete case caption. Do not use et al or et ano. If more space is required attach a caption rider sheet.

CARRIE WILLIAMS

**Plaintiff(s)/Petitioner(s)**

-against-

TUTOR PERINI CORPORATION, PERINI CORPORATION and "JOHN DOE",

**Defendants(s)/Respondent(s)**

## NATURE OF ACTION OR PROCEEDING: Check ONE box only and specify where indicated.

**MATRIMONIAL**
- ○ Contested
  NOTE: For all Matrimonial actions where the parties have children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum**
  For Uncontested Matrimonial Actions, use RJI form UD-13

**TORTS**
- ○ Asbestos
- ○ Breast Implant
- ○ Environmental: _____
  (specify)
- ○ Medical, Dental, or Podiatric Malpractice
- ● Motor Vehicle
- ○ Products Liability: _____
  (specify)
- ○ Other Negligence: _____
  (specify)
- ○ Other Professional Malpractice: _____
  (specify)
- ○ Other Tort: _____
  (specify)

**COMMERCIAL**
- ○ Business Entity (including corporations, partnerships, LLCs, etc.)
- ○ Contract
- ○ Insurance (where insurer is a party, except arbitration
- ○ UCC (including sales, negotiable instruments)
- ○ Other Commercial: _____
  (specify)
  NOTE: For Commercial Division assignment requests [22 NYCRR § 202.70(d)], complete and attach the **COMMERCIAL DIV RJI Addendum**

**REAL PROPERTY:** How many properties does the application include? _____
- ○ Condemnation
  Mortgage Foreclosure (specify):    Residential    Commercial
- ○ Foreclosure
  Property Address: _____
  Street Address    City    State    Zip
  NOTE: For Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium complete and attach the **FORECLOSURE RJI Addendum.**
- ○ Tax Certiorari – Section _____ Block: _____ Lot: _____
- ○ Tax Foreclosure
- ○ Other Real Property: _____
  (specify)

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution  [see NOTE under Commercial]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other: _____
  (specify)

**SPECIAL PROCEEDINGS**
- ○ CPLR Article 75 (Arbitration)  [see NOTE under Commercial]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene: _____
  (specify)
- ○ Other Special Proceedings: _____
  (specify)

## STATUS OF ACTION OR PROCEEDING: Answer YES or NO for EVERY question AND enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | ● | ○ | If yes, date filed: 10/24/14 |
| Has a summons and complaint or summons w/notice been served? | ● | ○ | If yes, date served: 11/3/14 |
| Is this action/proceeding being filed post-judgment? | ○ | ● | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION:**  Check ONE box only AND enter additional information where indicated.

- ○ Infant's Compromise
- ○ Note of Issue and/or Certificate of Readiness
- ○ Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: _____
- ○ Notice of Motion          Relief Sought: _____    Return Date: _____
- ○ Notice of Petition         Relief Sought: _____    Return Date: _____
- ○ Order to Show Cause    Relief Sought: _____    Return Date: _____
- ○ Other Ex Parte Application    Relief Sought: _____
- ○ Poor Person Application    Relief Sought: _____
- ◉ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other (specify): _____

**RELATED CASES:**  List any related actions. For Matrimonial actions, include any related criminal and/or Family Court cases. If additional space is required, complete and attach the RJI Addendum. If none, leave blank.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
| NONE | | | | |
| | | | | |
| | | | | |

**PARTIES:**  If additional space is required, complete and attach the RJI Addendum. For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in "Attorneys" space.

| Un-Rep | Parties: List parties in caption order and indicate party role(s) (e.g. defendant; 3rd-party plaintiff). | Attorneys: Provide name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| ☐ | Williams  Last Name<br>Carrie  First Name<br>Primary Role: Plaintiff<br>Secondary Role (if any): | Sacco  Last Name   Tonino  First Name<br>Sacco & Fillas, LLP  Firm Name<br>31-19 Newtown Avenue  Astoria  New York  11102<br>Street Address  City  State  Zip<br>7187463440   7187464117   tsacco@saccofillas.com<br>Phone  Fax  e-mail | ◉ YES<br>○ NO | |
| ☐ | Tutor Perini Corporation  Last Name<br>First Name<br>Primary Role: Defendant<br>Secondary Role (if any): | Last Name  First Name<br>Law Offices of Kenneth Arthur Rigby, PLLC  Firm Name<br>15 Maiden Lane  New York  NY<br>Street Address  City  State  Zip<br>2126297575<br>Phone  Fax  e-mail | ◉ YES<br>○ NO | Zurich Insurance Company |
| ☐ | Perini Corporation  Last Name<br>First Name<br>Primary Role:<br>Secondary Role (if any): | Last Name  First Name<br>Law Offices of Kenneth Arthur Rigby, PLLC  Firm Name<br>15 Maiden Lane  New York  NY<br>Street Address  City  State  Zip<br>2126297575<br>Phone  Fax  e-mail | ◉ YES<br>○ NO | |
| ☒ | Last Name<br>First Name<br>Primary Role:<br>Secondary Role (if any): | "DOE"  Last Name  JOHN  First Name<br>Firm Name<br>Hawthorne  NY<br>Street Address  City  State  Zip<br>Phone  Fax  e-mail | ◉ YES<br>○ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.**

Dated:      December 16, 2014

2375772
**ATTORNEY REGISTRATION NUMBER**

**SIGNATURE**
TONINO SACCO
**PRINT OR TYPE NAME**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

CARRIE WILLIAMS,

                              Plaintiff,

              -against-

TUTOR PERINI CORPORATION, PERINI CORPORATION and
"JOHN DOE",

                              Defendants.

---

INDEX NO. 15131/14

**REQUEST FOR A
PRELIMINARY
CONFERENCE**

The undersigned requests a preliminary conference.

The nature of the action is to recover money damages for personal injury due to defendants' negligence.

The names, addresses and telephone numbers of the attorneys appearing herein are:

**SACCO & FILLAS, LLP**
Attorneys for Plaintiff, CARRIE WILLIAMS
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440

**LAW OFFICES OF KENNETH ARTHUR RIGBY, PLLC**
Attorneys for Defendant, TUTOR PERINI CORPORATION and PERINI CORPORATION
15 Maiden Lane
Suite 1500
New York, New York 10038
(212) 629-7575

Dated: Astoria, New York
       December 16, 2014

**By: Tonino Sacco**
**SACCO & FILLAS, LLP**
Attorneys for Plaintiff
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440
Our File No.: 13622-14

LAW OFFICES OF KENNETH ARTHUR RIGBY, PLLC
Attorneys for Defendant
15 Maiden Lane
Suite 1500
New York, New York  10038
(212) 629-7575

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

CARRIE WILLIAMS,

                     Plaintiff,

        -against-

TUTOR PERINI CORPORATION, PERINI CORPORATION
AND "JOHN DOE",,

                     Defendants.

INDEX NO. 15131/14

**AFFIDAVIT OF MAIL
SERVICE**

STATE OF NEW YORK
COUNTY OF QUEENS

      Danielle M. Kuchinskas, being duly sworn, says:

      I am not a party to the action; I reside at Queens, New York, and I am over 18 years of age.

      On December 2⟨⟩, 2014, I served the within Request for a Preliminary Conference and Request for Judicial Intervention by depositing true copies thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following at the last known address set forth below:

LAW OFFICES OF KENNETH ARTHUR RIGBY, PLLC
15 Maiden Lane, Suite 1500
New York, New York 10038

                            _Danielle Kuchinskas_
                            DANIELLE M. KUCHINSKAS

Sworn to before me
on December 2⟨⟩, 2014

_____
NOTARY PUBLIC

TONINO SACCO
Notary Public, State of New York
No. 02SA4979498
Qualified in Queens County
Commission Expires 04/01/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No: 15131/14

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CARRIE WILLIAMS,

Plaintiff,

-against-

TUTOR PERINI CORPORATION, PERINI CORPORATION AND "JOHN DOE",

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**REQUEST FOR A PRELIMINARY CONFERENCE and REQUEST FOR JUDICIAL INTERVENTION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: December 16, 2014                      Signature: _____

Tonino Sacco, Esq.

**SACCO & FILLAS, LLP**
Attorneys for Plaintiff
31-19 Newtown Avenue,
Seventh Floor
Astoria, New York 11102
(718) 746-3440

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

INDEX NO. 15131/14

CARRIE WILLIAMS,

Plaintiff,

**NOTICE TO ADMIT**

-against-

TUTOR PERINI CORPORATION, PERINI CORPORATION
AND "JOHN DOE",,

Defendants.

---

**PLEASE TAKE NOTICE** that the plaintiff hereby requests that the defendants, pursuant to the provisions of Section3123 of the Civil Practice Law and Rules, and within twenty (20) days after service of this notice, admit, for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial, the following:

1. On or about July 10, 2014, TUTOR PERINI CORPORATION was the owner of a certain automobile, bearing license plate number CHB8129.

2. On or about July 10, 2014, TUTOR PERINI CORPORATION was the registered owner of a certain automobile, bearing license plate number CHB8129.

3. On or about July 10, 2014, TUTOR PERINI CORPORATION was the titled owner of a certain automobile, bearing license plate number CHB8129.

4. On or about July 10, 2014, PERINI CORPORATION was the owner of a certain automobile, bearing license plate number CHB8129.

5. On or about July 10, 2014, PERINI CORPORATION was the registered owner of a certain automobile, bearing license plate number CHB8129.

6. On or about July 10, 2014, PERINI CORPORATION was the titled owner of a certain automobile, bearing license plate number CHB8129.

Dated: Astoria, New York
      December 16, 2014

By: Tonino Sacco

SACCO & FILLAS, LLP

**SACCO & FILLAS, LLP**
Attorneys for Plaintiff
31-19 Newtown Avenue
Seventh Floor
Astoria, New York  11102
(718) 746-3440
Our File No.: 13622-14

LAW OFFICES OF KENNETH ARTHUR RIGBY, PLLC
Attorneys for Defendants
15 Maiden Lane
Suite 1500
New York, New York  10038
(212) 629-7575

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

INDEX NO. 15131/14

CARRIE WILLIAMS,

                    Plaintiff,

            -against-

**AFFIDAVIT OF MAIL
SERVICE**

TUTOR PERINI CORPORATION, PERINI CORPORATION
AND "JOHN DOE",,

                    Defendants.

---

STATE OF NEW YORK
COUNTY OF QUEENS

Danielle M. Kuchinskas, being duly sworn, says:

I am not a party to the action; I reside at Queens, New York, and I am over 18 years of age.

On December 26, 2014, I served the within Notice to Admit by depositing a true copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following at the last known address set forth below:

LAW OFFICES OF KENNETH ARTHUR RIGBY, PLLC
15 Maiden Lane, Suite 1500
New York, New York 10038

_Danielle Kuchinskas_
DANIELLE M. KUCHINSKAS

Sworn to before me
on December 26, 2014

NOTARY PUBLIC

TONINO SACCO
Notary Public, State of New York
No. 02SA4979498
Qualified in Queens County
Commission Expires 04/01/2015

SACCO & FILLAS, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No. 15131/14

-------------------------------------------

CARRIE WILLIAMS,

Plaintiff,

-against-

TUTOR PERINI CORPORATION, PERINI CORPORATION AND "JOHN DOE",

Defendants.

-------------------------------------------

## NOTICE TO ADMIT

-------------------------------------------

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: December 16, 2014

Signature: _____

Tonino Sacco, Esq.

**SACCO & FILLAS, LLP**
Attorneys for Plaintiff
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

CARRIE WILLIAMS,

INDEX NO. 15131/14

                              Plaintiff,

        -against-

**PLAINTIFF'S DEMAND
FOR A VERIFIED BILL
OF PARTICULARS**

TUTOR PERINI CORPORATION, PERINI CORPORATION and
"JOHN DOE",

                              Defendants.

---

**C O U N S E L O R S :**

**PLEASE TAKE NOTICE**, that pursuant to Section 3044 and Rule 3042 of the Civil

Practice Law and Rules, defendants are hereby required to serve a Verified Bill of Particulars

upon the undersigned within thirty (30) days after the receipt of this demand.

**TAKE FURTHER NOTICE**, in the event of your failure to comply with this Demand

for a Verified Bill of Particulars within said time, a motion will be made for an order of preclusion

concerning the following items.

1.        A detailed statement of the act or acts of negligence, culpability, lack of care or

omissions on the part of the plaintiff which it will be claimed caused or contributed to the accident

and/or injuries suffered by the plaintiff.

a. Set forth the time of each of said acts and/or omissions.

b. Set forth the location of each of said acts and/or omissions.

c. A statement of what risk it will be claimed the plaintiff assumed.

d. Set forth the time when said risk was assumed.

e. Set forth the exact location where said risk was assumed.

f. State whether the alleged assumption of risk was voluntary or involuntary.

g. Set forth a detailed statement of the acts and/or omissions on the part of the

plaintiff which it will be claimed constituted assumption of risk and the manner in which it will be

claimed said risk was assumed.

ACCO & FILLAS, LLP

2.      A statement indicating the basis for Defendants' assertion that Plaintiff did not suffer serious and permanent injuries.

3.      A statement of the degree, extent and proportion to which it will be claimed the plaintiff's alleged negligence contributed to the accident and/or to the injuries suffered by the plaintiff.

4.      Set forth the proportion, extent, degree and nature of the plaintiff's injuries and/or damages it will be alleged the acts and/or omissions of the plaintiff caused, continued or contributed to the plaintiff's injuries.

5.      State whether it will be claimed that the plaintiff's alleged negligent acts were committed and/or omitted by the plaintiff solely or jointly with other persons.

a. If with other persons, set forth the names and addresses of the other persons.

b. Set forth a detailed statement of the act or acts of negligence and/or omissions which will be alleged on the part of each other person.

c. Set forth the degree, extent and/or proportion to which it will be claimed the alleged negligence of each other person contributed to the accident.

d. Set forth the time and location of each of the aforementioned acts by each person.

6.      Set forth by section and title, statutes, regulations, rules, ordinances, and any other laws it will be claimed were violated by plaintiffs.

7.      Name each party alleging lack of jurisdiction.

a) Separately state as to each defendant that raises this defense whether defendant denies ever receiving a copy of the summons and complaint.

b) If the answer to the last question was in the negative, set forth separately as to each defendant raising the defense each date, day of week, time and place defendant received a copy of the summons and complaint, and describe the manner in which a copy of the summons and complaint was received on each such occasion. If the copy was received from another person on any such occasion name that person and state that person's relationship, if any, to defendant. If

the person's name is not known, describe the person.

8.     The name, address, and reason for claimed necessity of joinder for each party allegedly not joined, for which it is claimed there should have been joinder.

9.     The title, caption, court, venue, date of commencement, and index number for the alleged prior action, as well as the name, address and telephone number of each attorney appearing therein.

10.    The section and title of each statute, regulation, rule, ordinance, and any other law it will be claimed was violated by plaintiffs.

11.    A statement indicating the basis for Defendants' assertion that plaintiff fails to state a cause of action upon which relief may be granted upon these answering defendants.

12.    A statement indicating the basis for Defendants' assertion that if plaintiff was caused to suffer any loss or damages as alleged in the Complaint, such were caused, in whole or in part, by reason of the carelessness and negligence on the part of the plaintiff, without any fault, negligence or want of care on the part of these answering defendants contributing thereto.

13.    A statement indicating the basis for Defendants' assertion that plaintiff has failed to mitigate his damages.

14.    A statement indicating the basis for Defendants' assertion that the liability of these answering defendants, if any, pursuant to the provisions of CPLR §1601, is limited to the percentage of culpability found against them individually, and these answering defendants shall not be responsible for any percentage of culpability attributed to other individuals and/or entities, whether named or unnamed, over whom plaintiff could have obtained personal jurisdiction with due diligence.

15.    A statement indicating the basis for Defendants' assertion that any past or future cost or medical expenses incurred or to be incurred by plaintiff for medical care, custodial care or rehabilitative services, loss of earnings, or other economic loss, has or will with reasonable certainty have replaced or indemnified in whole or in part from collateral sources as defined under Section 4545 of the New York Civil Practice Law and Rules, and if any damages are recovered

against these answering defendants, the amount of such damages shall be diminished by the amount of funds which plaintiff has or shall receive from such collateral sources as insurance, social security, workers compensation, or employee benefit programs.

16.     A statement indicating the basis for Defendants' assertion that if plaintiff has or will suffer any damages as alleged, such were caused solely by the acts or omissions of third parties over whom these answering defendants exercised no control.

17.     A statement indicating the basis for Defendants' assertion that the alleged defect/condition upon which plaintiff was injured was open and obvious and defendants, therefore, owed plaintiff no duty and cannot be found negligent.

18.     A statement indicating the basis for Defendants' assertion that plaintiff knowingly and voluntarily assumed the risk of injury.

19.     A statement indicating the basis for Defendants' assertion that plaintiff did not sustain serious injury as defined in Section 5102(d) of the Insurance Law.

20.     A statement indicating the basis for Defendants' assertion that plaintiff failed to sustain economic loss greater than basic economical loss so as to satisfy the exceptions to Section 5104 of the Insurance Law.

21.     A statement indicating the basis for Defendants' assertion that plaintiff's failed to sustain economic loss greater than basic economic loss so as to satisfy the exceptions to Section 5104 of the Insurance Law.

22.     A statement indicating the basis for Defendants' assertion that plaintiff's actions were the sole proximate cause of her injuries.

23.     A statement indicating the basis for Defendants' assertion that this Court lacks subject matter jurisdiction over these defendants.

24.     A statement indicating the basis for Defendants' assertion that this court lacks personal jurisdiction over these defendants in that service was not properly made.

25.     A statement indicating the basis for Defendants' assertion that these defendants are not properly before the Court.

CCO & FILLAS, LLP

26.     A statement indicating the basis for Defendants' assertion that these defendants are not proper parties to this action.

Dated: Astoria, New York
        December 16, 2014

                                        By: Tonino Sacco
                                        **SACCO & FILLAS, LLP**
                                        Attorneys for Plaintiff
                                        31-19 Newtown Avenue
                                        Seventh Floor
                                        Astoria, New York  11102
                                        (718) 746-3440
                                        Our File No.: 13622-14

LAW OFFICES OF KENNETH ARTHUR RIGBY, PLLC
Attorneys for Defendants
15 Maiden Lane
Suite 1500
New York, New York  10038
(212) 629-7575

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

CARRIE WILLIAMS,

Plaintiff,

-against-

TUTOR PERINI CORPORATION, PERINI CORPORATION and
"JOHN DOE",

Defendants.

---

INDEX NO. 15131/14

**PLAINTIFF'S
COMBINED DEMANDS
FOR DISCOVERY**

## C O U N S E L O R S :

**PLEASE TAKE NOTICE,** that pursuant to Article 31 of the CPLR, demand is hereby made for the following information:

1. Any written report of the incident by any agent, servant or employee of the defendant(s).

2. The names and addresses of any and all persons claimed by any party you represent to have either witnessed the occurrence alleged in the Complaint or the nature and duration of the alleged condition which allegedly caused the occurrence alleged in the Complaint, or who have firsthand knowledge of the facts and circumstances regarding this occurrence, whether their identity was learned by the defendant(s) at the scene of the occurrence or thereafter obtained by their attorneys or representatives. If no such persons are known to the defendant(s) or their representatives, so state in reply to this demand. The undersigned will object upon the trial to the testimony of any witnesses not identified.

3. Any and all statements made by or taken from each party and his, her or its agents, servants or employees in this action presently in your possession or subject to the custody of any representative, agent, servant or employee of any party you represent in this action if such statement in any manner bears on the issues in this action.

4. In the event the operator owns his/her own motor vehicle, provide the limits of coverage of the operator's insurance policy and pursuant to CPLR 3101(f) the contents of such

insurance policy. Furthermore, state any information as to excess coverage or other coverage in effect on behalf of the defendant-operator on the date of the accident.

5.   Any and all photographs in your possession or subject to your custody and control or in the possession or subject to the custody and control of any representative, agent, servant or employee of the party(s) depicting the scene of this accident, immediately prior thereto, or shortly after the alleged accident, which is the subject of this accident.

6.   In the event one or more vehicles were involved in the occurrence, provide any and all photographs in your possession, or subject to your custody and control, or in the possession or subject to the custody and control of any representative, agent, servant or employee of the party depicting the vehicles involved before or after the occurrence.

7.   The limits of coverage of the defendant's insurance policy and pursuant to CPLR 3101(f) the contents of such insurance policy. Furthermore, state any information you have as to excess coverage or other coverage in effect on behalf of the defendant(s) on the date of the accident.

8.   Any and all medical records, investigation reports and any other record or report in defendant's possession or prepared by any servant or agent of the defendant as respects the occurrence herein being litigated excluding any documents prepared specifically for the purpose of this litigation.

9.   Any and all photographs, surveillance photographs and videotapes of the plaintiff(s) in the possession of the defendant(s), their attorneys, agents, servants and/or employees.

**PLEASE TAKE FURTHER NOTICE** that production and discovery of this information is to take place within thirty (30) days of this notice, at the office of the undersigned at the address listed below. However, a written communication enclosing the information requested may be sent prior to the date stated above in lieu of a personal appearance.

**PLEASE TAKE FURTHER NOTICE** that the foregoing are continuing demands and that if any of the above items are obtained after the date of this demand, they are to be furnished within a reasonable time after becoming known.

CCO & FILLAS, LLP

**PLEASE BE ADVISED** that upon the failure to comply with this demand, the
defendant(s) will be precluded, upon the trial of this action, from offering into evidence or
testifying as to any of the reports, records, photographs and testimony of witnesses not previously
disclosed.

Dated: Astoria, New York
      December 16, 2014

                    **By: Tonino Sacco**
                    **SACCO & FILLAS, LLP**
                    Attorneys for Plaintiff
                    31-19 Newtown Avenue
                    Seventh Floor
                    Astoria, New York  11102
                    (718) 746-3440
                    Our File No.: 13622-14

LAW OFFICES OF KENNETH ARTHUR RIGBY, PLLC
Attorneys for Defendants
15 Maiden Lane
Suite 1500
New York, New York  10038
(212) 629-7575

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

INDEX NO. 15131/14

CARRIE WILLIAMS,

Plaintiff,

-against-

**CROSS-NOTICE OF
DEPOSITION**

TUTOR PERINI CORPORATION, PERINI CORPORATION and
"JOHN DOE",

Defendants.

---

**S I R S:**

   **PLEASE TAKE NOTICE**, that pursuant to the Civil Practice Laws and Rules, the

depositions of the Defendant(s) will be taken upon oral examination as follows:

| | |
|---|---|
| **PLACE:** | **KINGS COUNTY** |
| **DATE:** | **TO BE DETERMINED** |
| **TIME:** | **TO BE DETERMINED** |

   PLEASE TAKE FURTHER NOTICE, that said Defendant(s) are hereby required to

testify at such examination and shall produce, pursuant to Rule 3111 of the CPLR, at said

examination, all books, records, forms, slips and other information kept in the course of business

of said Defendant(s) for the inspection by the Plaintiff(s)' attorneys, and to refresh the witness'

recollection with respect to the circumstances leading up to and including the date of the accident

on which this claim is based.

Dated: Astoria, New York
       December 16, 2014

**By: Tonino Sacco**
**SACCO & FILLAS, LLP**
Attorneys for Plaintiff
31-19 Newtown Avenue
Seventh Floor
Astoria, New York  11102
(718) 746-3440

Our File No.: 13622-14

LAW OFFICES OF KENNETH ARTHUR RIGBY, PLLC
Attorneys for Defendant
15 Maiden Lane
Suite 1500
New York, New York  10038
(212) 629-7575

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

CARRIE WILLIAMS,

                    Plaintiff,

        -against-

TUTOR PERINI CORPORATION, PERINI CORPORATION AND
"JOHN DOE",,

                 Defendants.

---

**INDEX NO. 15131/14**

**NOTICE OF
AVAILABILITY FOR
PHYSICAL
EXAMINATION**

**S I R S:**

    **PLEASE TAKE NOTICE,** that pursuant to the rules governing physical examinations and exchange of medical information, the plaintiff(s) in the within action desires that the defendant(s) hold a physical examination of plaintiffs,

That such examination will be held at:

| PLACE: | **PHYSICIAN IN THE KINGS** |
|--------|----------------------------|
| DATE: | **TO BE DETERMINED** |
| TIME: | **TO BE DETERMINED** |

    Annexed hereto are duly executed and acknowledged written authorizations permitting the defendant(s) to obtain and make copies of all hospital records and such other records including X-Rays and technician's reports as may be referred to and identified in the statement of the plaintiff physicians.

    **PLEASE TAKE FURTHER NOTICE,** that the undersigned will within 20 days before the date set for examination serve upon all parties in the within action copies of all medical reports, including X-Rays and technical reports of all physicians who have previously treated or examined the plaintiffs.

    **PLEASE TAKE FURTHER NOTICE,** that you are required within five days after the receipt of this notice, to submit to the undersigned the name and address of the physician who will conduct such physical examination on behalf of the defendant(s).

Dated: Astoria, New York
       December 16, 2014

                         _____

                         By: Tonino Sacco
                         SACCO & FILLAS, LLP

Attorneys for Plaintiff
31-19 Newtown Avenue
Seventh Floor
Astoria, New York  11102
(718) 746-3440
Our File No.: 13622-14

LAW OFFICES OF KENNETH ARTHUR RIGBY, PLLC
Attorneys for Defendants
15 Maiden Lane
Suite 1500
New York, New York  10038
(212) 629-7575

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

INDEX NO. 15131/14

CARRIE WILLIAMS,

                    Plaintiff,

          -against-

TUTOR PERINI CORPORATION, PERINI CORPORATION and
"JOHN DOE",

                    Defendants.

**PLAINTIFF'S DEMAND
FOR EXPERT
WITNESSES**

---

**S I R S:**

    **PLEASE TAKE NOTICE** that pursuant to CPLR 3101, plaintiff(s) herein request that defendant(s) make disclosure within thirty (30) days of service of the within response to each and every demand set forth herein.

    In the event that defendant(s) is unable to fully respond, set forth the reasons(s) or cause(s) for such inability or the absence of response, and in that event plaintiff(s) believes that such response(s) may become relevant as to expert(s) hereafter engaged or who may later become expected to give expert testimony, state such fact(s) or circumstance(s), and the date or time hereinafter when such response may thereby become available for disclosure. This Request shall be deemed to be continuing, and as to any matters herein requested which shall become available for disclosure at a future time in the within action, this Request shall have continuing applicability and require timely disclosure at: the office of Sacco & Fillas, LLP 31-19 Newtown Avenue, Seventh Floor, Astoria, New York 11102.

    (1)    Identify, by full name, address, profession and business address, with complete detail, and area of expertise and specialty, each and every person intended, expected or who shall be called at trial as an "expert witness" on any issue, matter or subject;

    (2)    State all qualifications of each such witness, including full details of education, experience, degrees, professional societal posts and past an present association(s); past and present employment or other associations of whatever nature in each expert's field of professional

endeavor(s) or expertise; any awards, honors or qualifications; appointments or office held in any society, organizations institute, committee, private or governmental affiliation or any consultant or other post with or for any organization or body related to his field of expertise or profession; article(s), book(s), publication(s) of any kind, lecture(s), seminar(s), professional or occupational paper(s) or any other form of professional communication or publication of a public nature, related in any way to the area of expertise of the witness(s) upon which testimony  may be offered; any and all information, facts, curriculum vitae or other data which explains, identifies or bears upon the qualification or absence thereof of the witness(s).

(3)     State all subjects and matters in reasonable informative detail upon which each and every expert shall or is expected to testify.

(4)     Separately state in reasonable detail each fact assumptions, circumstances and incident/accident related information upon which each expert shall or is expected to consider, evaluate or use in connection with any testimony to be offered.

(5)     Separately state in reasonable detail each opinion(s), with identification of the source to such opinion upon which each expert shall or is expected to testify;

(6)     For each and every opinion which shall or is expected to by each expert, whether such expression of opinion is based upon preliminary or previously expressed opinion or is based upon matters, facts, assumptions or circumstances originally derived by him or provided to him, provide a summary of all grounds for each and every such opinion, and each separately identifiable and independent opinion. Such summary shall not omit or exclude a material, relevant or factual ground or circumstances, notwithstanding the summary or conclusory nature of the grounds.

Dated: Astoria, New York
      December 16, 2014

                                  **By: Tonino Sacco**
                                  **SACCO & FILLAS, LLP**
                                  Attorneys for Plaintiff
                                  31-19 Newtown Avenue

Seventh Floor
Astoria, New York  11102
(718) 746-3440
Our File No.: 13622-14

LAW OFFICES OF KENNETH ARTHUR RIGBY, PLLC
Attorneys for Defendant
15 Maiden Lane
Suite 1500
New York, New York  10038
(212) 629-7575

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

———————————————————————————

INDEX NO. 15131/14

CARRIE WILLIAMS,

                    Plaintiff,

**PLAINTIFF'S DEMAND
FOR ADDRESSES**

        -against-

TUTOR PERINI CORPORATION, PERINI CORPORATION and
"JOHN DOE",

                    Defendants.

———————————————————————————

**C O U N S E L O R S :**

    **PLEASE TAKE NOTICE**, that pursuant to Section 3118 of the Civil Practice Law and Rules, plaintiff, by the undersigned attorneys, hereby demands that defendants serve upon the offices of the undersigned, within thirty (30) days of the date of this demand, a verified statement setting forth the post office address and residence address of the defendants in sufficient detail to permit ready location.

Dated: Astoria, New York
        December 16, 2014

                        ————————————————
                        **By: Tonino Sacco**
                        **SACCO & FILLAS, LLP**
                        Attorneys for Plaintiff
                        31-19 Newtown Avenue
                        Seventh Floor
                        Astoria, New York  11102
                        (718) 746-3440
                        Our File No.: 13622-14

LAW OFFICES OF KENNETH ARTHUR RIGBY, PLLC
Attorneys for Defendant
15 Maiden Lane
Suite 1500
New York, New York  10038
(212) 629-7575

SACCO & FILLAS, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

INDEX NO. 15131/14

CARRIE WILLIAMS,

                    Plaintiff,

          -against-                                    **NOTICE DECLINING
                                                        SERVICE VIA
                                                        ELECTRONIC MAIL OR
TUTOR PERINI CORPORATION, PERINI CORPORATION and FAX**
"JOHN DOE",

                    Defendants.

---

**C O U N S E L O R S :**

          **PLEASE TAKE NOTICE,** that pursuant to the Civil Practice Laws and Rules, 5, the

office of SACCO & FILLAS, LLP., will not accept service of papers, notices motions, etc., by

facsimile (FAX) transmittal or by any other electronic means.

Dated: Astoria, New York
          December 16, 2014

                                   **By: Tonino Sacco
                                   SACCO & FILLAS, LLP**
                                   Attorneys for Plaintiff
                                   31-19 Newtown Avenue
                                   Seventh Floor
                                   Astoria, New York  11102
                                   (718) 746-3440
                                   Our File No.: 13622-14

LAW OFFICES OF KENNETH ARTHUR RIGBY, PLLC
Attorneys for Defendant
15 Maiden Lane
Suite 1500
New York, New York  10038
(212) 629-7575

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

INDEX NO. 15131/14

CARRIE WILLIAMS,

               Plaintiff,

    -against-

**AFFIDAVIT OF MAIL
SERVICE**

TUTOR PERINI CORPORATION, PERINI CORPORATION
AND "JOHN DOE",,

               Defendants.

STATE OF NEW YORK
COUNTY OF QUEENS

    Danielle M. Kuchinskas, being duly sworn, says:

    I am not a party to the action; I reside at Queens, New York, and I am over 18 years of age.

    On December 26, 2014, I served the within **DEMAND FOR BILL OF PARTICULARS, COMBINED DEMANDS FOR DISCOVERY AND INSPECTION, CROSS NOTICE EXAMINATION BEFORE TRIAL, NOTICE OF AVAILABILITY, DEMAND FOR EXPERT WITNESSES, DEMAND FOR ADDRESSES, NOTICE DECLINING SERVICE VIA ELECTRONIC AND FAX** by depositing a true copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following at the last known address set forth below:

LAW OFFICES OF KENNETH ARTHUR RIGBY, PLLC
15 Maiden Lane, Suite 1500
New York, New York 10038

*Danielle Kuchinskas*
DANIELLE M. KUCHINSKAS

Sworn to before me
on December 26, 2014

               TONINO SACCO
          Notary Public, State of New York
              No. 02SA4979498
           Qualified in Queens County
NOTARY PUBLIC    Commission Expires 04/01/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No. 15131/14

---

CARRIE WILLIAMS,

Plaintiff,

-against-

TUTOR PERINI CORPORATION, PERINI CORPORATION AND "JOHN DOE",

Defendants.

---

**DEMAND FOR BILL OF PARTICULARS, COMBINED DEMANDS FOR DISCOVERY AND INSPECTION, CROSS NOTICE EXAMINATION BEFORE TRIAL, NOTICE OF AVAILABILITY, DEMAND FOR EXPERT WITNESSES, DEMAND FOR ADDRESSES, NOTICE DECLINING SERVICE VIA ELECTRONIC AND FAX**

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: December 16, 2014          Signature: _____

Tonino Sacco, Esq.

**SACCO & FILLAS, LLP**
Attorneys for Plaintiff
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440

Reorder No. 5105
JULIUS BLUMBERG, INC.
NYC   10013
©10% P.C.W.

# NYS Department of State

# Division of Corporations

## Entity Information

The information contained in this database is current through January 14, 2015.

Selected Entity Name: TUTOR PERINI CORPORATION
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | TUTOR PERINI CORPORATION |
| **DOS ID #:** | 32432 |
| **Initial DOS Filing Date:** | SEPTEMBER 16, 1932 |
| **County:** | NEW YORK |
| **Jurisdiction:** | MASSACHUSETTS |
| **Entity Type:** | FOREIGN BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

**Chief Executive Officer**
RONALD N. TUTOR
15901 OLDEN STREET
SYLMAR, CALIFORNIA, 91342

**Principal Executive Office**
TUTOR PERINI CORPORATION
15901 OLDEN STREET
SYLMAR, CALIFORNIA, 91342

**Registered Agent**
C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

This office does not record information regarding
the names and addresses of officers, shareholders or
directors of nonprofessional corporations except the
chief executive officer, if provided, which would be
listed above. Professional corporations must include
the name(s) and address(es) of the initial officers,
directors, and shareholders in the initial certificate
of incorporation, however this information is not
recorded and only available by viewing the
certificate.

### *Stock Information

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| | No Information Available | |

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| JUN 23, 2009 | Actual | TUTOR PERINI CORPORATION |
| MAR 04, 1957 | Actual | PERINI CORPORATION |
| SEP 16, 1932 | Actual | B. PERINI & SONS, INC. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New
York State. The entity must use the fictitious name when conducting its activities or business in New
York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results                    New Search

Services/Programs  |  Privacy Policy  |  Accessibility Policy  |  Disclaimer  |  Return to DOS
Homepage  |  Contact Us